**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILLIAMS & CONNOLLY LLP<br><br>725 Twelfth St., NW<br>Washington, DC  20005<br>      Plaintiff,<br><br>v.<br><br>OFFICE OF THE COMPTROLLER OF<br>THE CURRENCY<br><br>250 E Street, SW<br>Washington, DC  20219<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **COMPLAINT FOR INJUNCTIVE**<br>) **RELIEF**<br>)<br>) **CASE NO. 1:13-cv-00396**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR INJUNCTIVE RELIEF**

   Plaintiff, Williams & Connolly LLP, alleges upon knowledge as to its own acts, and otherwise upon information and belief, the following:

**NATURE OF THE ACTION**

   1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, to order the production of agency records in the possession and control of the Office of the Comptroller of the Currency ("OCC").

   2.  This action challenges the OCC's failure to disclose documents responsive to Plaintiff's June 25, 2012 FOIA request to the agency.  Plaintiff asks the Court to order immediate disclosure of the requested records.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

4. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

1. Plaintiff, Williams & Connolly LLP, is a law firm located in the District of Columbia. It is the requester of the withheld records.

2. Defendant OCC is an agency of the United States, and it has possession of and control over the records that Plaintiff seeks. The OCC's responding office is located in Washington, D.C.

## FACTUAL BACKGROUND

1. By letter mailed June 25, 2012, to the FOIA Disclosure Officer at the OCC, Williams & Connolly LLP requested the following categories of documents:

    I.    All documents and/or records relating to the OCC's definition of independence, including:

        a. Any documents and/or records relating to the independence requirements for independent consultants, prescribed by the OCC;

        b. Any documents and/or records relating to the OCC's standards for independence within the meaning of the scope of the consent order foreclosure review pursuant to the April 13, 2011 Consent Orders entered into between 14 mortgage servicers and the OCC or the Office of Thrift Supervision[1] ("Consent Order Foreclosure Review"); and

        c. Any documents and/or records relating to determining whether any particular independent consultant participating in the Consent Order

---

[1] On July 21, 2011, regulatory responsibility for federal savings associations transferred from the OTS to the OCC under the Dodd-Frank Wall Street Reform and Consumer Protection Act.

>Foreclosure Review was or was not independent within the meaning of the scope of the Consent Order Foreclosure Review.[2]

2. Upon information and belief, the OCC possesses the requested records.

3. The OCC initially denied Plaintiff's request. The OCC wrote to Plaintiff on August 23, 2012, stating that the Plaintiff's request was denied in full because the "records you seek are related to an examination report and are thus exempt from public disclosure under subsection (b)(8) of the FOIA."

4. Plaintiff appealed the OCC's denial by letter dated September 21, 2012. In its appeal, Plaintiff specifically noted that the OCC could not withhold the documents under the stated exemption. In addition, the Plaintiff noted that the OCC failed to consider providing the subset of documents to which the examination privilege clearly does not apply.

5. The OCC responded to the Plaintiff's appeal on December 6, 2012. In its response, the OCC raised a new basis for withholding information, asserting that, in addition to withholding information pursuant to subsection (b)(8) of FOIA, responsive information was being withheld pursuant to 5 U.S.C. § 552(b)(5) of FOIA.

6. The OCC's December 6, 2012 letter also stated that it was releasing five pages of documents relating to the OCC's definition of independence as it relates to the IFR (Foreclosure Review) process as a "discretionary matter." The OCC redacted portions of the documents released, asserting that (b)(8) exempted a portion of one document from disclosure and asserting that a portion of another document was non-responsive. The OCC also provided documents to the Plaintiff that were available to the public on its website.

---

[2] In its June 25, 2012 request, Plaintiff requested two additional categories of documents. Plaintiff seeks relief in this action only as to the categories identified above.

7. In its response, the OCC did not "estimate the volume of any requested matter the provision of which is denied." 5 U.S.C. § 552(a)(6)(F).

8. The OCC stated in its December 6, 2012 letter that its response constituted final agency action on the Plaintiff's request and appeal.

9. Pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(3), Plaintiff has a right of access to the documents requested, and Defendant has no legal basis for its actions in withholding the right of access to such documents.

10. As for the documents that have been provided by the OCC, the Plaintiff has a right of access to unredacted copies of the documents requested, and the Defendant has no legal basis for its actions in redacting portions of such documents.

11. Plaintiff has exhausted its administrative remedies as provided in the Freedom of Information Act and agency regulations.

12. Plaintiff is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

## REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this Court:

(a) Order Defendant to produce all responsive agency records available to the Plaintiff;

(b) Order Defendant to file, within fourteen days of the date of the Court's Order in this matter, a "*Vaughn* Index," i.e. an affidavit: 1) identifying each document withheld from disclosure; 2) stating Defendant's claimed statutory exemption as to each withheld document (or portion of a document); and 3) explaining why each withheld document is exempt from disclosure;

(c) Award Plaintiff its costs and reasonable attorneys' fees in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(d) Grant such other and further relief as the Court may deem just and proper.

                    Respectfully Submitted,

                    WILLIAMS & CONNOLLY LLP

Dated: March 27, 2013    By:    /s/ Andrew M. Elliott

                    David D. Aufhauser (#949396)
                    Stephen D. Andrews (#470994)
                    Ryan P. McCarthy (# 991468)
                    Andrew M. Elliott (# 992592)
                    WILLIAMS & CONNOLLY LLP
                    725 Twelfth Street, N.W.
                    Washington, DC 20005
                    (P) 202-434-5229
                    (F) 202-434-5029
                    daufhauser@wc.com
                    sandrews@wc.com
                    rmccarthy@wc.com
                    aelliott@wc.com

                    *Attorneys for Plaintiff*